# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**September 19, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **B.H.**

**No. 16-0359** (Calhoun County 14-JA-37)

## MEMORANDUM DECISION

Petitioner Mother B.K., by counsel Erica Brannon Gunn, appeals the Circuit Court of Calhoun County's March 9, 2016, order terminating her parental rights to B.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order and supplemental appendix. The guardian ad litem, Tony Morgan, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court abused its discretion when it refused to allow her to voluntarily relinquish her parental rights and in terminating her parental rights because less-restrictive dispositional alternatives existed.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2015, the DHHR filed an abuse and neglect petition and alleged that petitioner abused her child because she failed to provide B.H. with proper medical care for his severe eczema. According to the petition, petitioner allowed the skin condition to become severe, did not take B.H. to a pediatric dermatologist as recommended, and did not apply prescribed medication to B.H. The DHHR further alleged that B.H. was developmentally delayed and undernourished. The DHHR also noted that petitioner had an open Child Protective Service

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

("CPS") case for approximately one year prior to the filing of the current petition. During that time, petitioner was provided with multiple services in an effort to correct the same issues as in the underlying petition, but failed to fully comply.

In August of 2015, petitioner waived her right to a preliminary hearing. At an adjudicatory hearing held on December 14, 2015, photographs depicting B.H.'s severe eczema skin condition were admitted into evidence. There was also evidence presented that, despite extensive services provided by the DHHR, petitioner failed to take B.H. to a specialized dermatologist, did not apply B.H.'s prescribed medication, and refused to allow the service provider access to B.H. The DHHR caseworker, Alecia Martin, testified that petitioner refused her access to B.H for a routine visit in June of 2015 and she returned to petitioner's home with a police officer. Ms. Martin further testified that B.H.'s eczema completely covered his body, the eczema was infected, and B.H. smelled like urine. Ms. Martin also testified that, following B.H.'s removal from the home, he was diagnosed with a methicillin-resistant staphylococcus aureus ("MRSA") infection and severe dehydration. Following the presentation of evidence at the adjudicatory hearing, the circuit court found by clear and convincing evidence that petitioner abused and neglected B.H. The circuit court noted that the child's condition at the time of removal was "absolutely appalling."

In March of 2016, the circuit court held a dispositional hearing wherein petitioner requested that she be allowed to voluntarily relinquish her parental rights to B.H. Both the DHHR and the guardian objected to petitioner's request. The DHHR caseworker, Ms. Martin, testified that B.H. was doing very well in foster care and the foster parents were treating his eczema and skin infections. Ms. Martin also testified that petitioner was not cooperating in any services and made little or no progress in the year she received services prior to the current petition. Following the close of evidence, the circuit court incorporated the previous evidence and findings from the adjudicatory hearing into the dispositional hearing record. Ultimately, the circuit court rejected petitioner's request to voluntarily relinquish her parental rights and found that petitioner abused and neglected her child, was not willing or able to correct the conditions of abuse and neglect, and lacked the motivation to treat the child's severe medical condition. Based upon its findings, the circuit court determined that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and termination of petitioner's parental rights was in the child's best interests. The circuit court terminated petitioner's parental rights by order dated March 9, 2016. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

2

committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court abused its discretion when it refused to allow her to voluntarily relinquish her parental rights because it failed to independently review all the relevant factors before refusing her request.

We have previously set forth the following standard:

> A circuit court has discretion in an abuse and neglect proceeding to accept a proffered voluntary termination of parental rights, or to reject it and proceed to a decision on involuntary termination. Such discretion must be exercised after an independent review of all relevant factors, and the court is not obliged to adopt any position advocated by the Department of Health and Human Resources.

Syl. Pt. 4, *In re James G.*, 211 W.Va. 339, 566 S.E.2d 226. (2002). Regarding the circuit court's independent review, we have further stated that "the circuit [court] must independently make such a determination, having heard from all sides." *Id.* at 233, 566 S.E.2d at 346.

Contrary to petitioner's argument that the circuit court failed to make an independent review of the relevant factors, the record is clear that the circuit court held a full dispositional hearing and adjudicated petitioner as an abusing parent prior to her request that she be allowed to voluntarily relinquish her parental rights to B.H. The circuit court heard all of the relevant evidence and fully considered all the factors regarding permanency for the child, after which the circuit court denied petitioner's motion to voluntarily relinquish her parental rights. Finally, the circuit court evaluated the best interests of the child and terminated petitioner's parental rights based upon her unwillingness to correct the issues of abuse and neglect. Thus, the circuit court did not abuse its discretion when it refused to allow petitioner to voluntarily relinquish her parental rights.

Petitioner also argues that the circuit court erred in terminating her parental rights because it failed to employ less restrictive alternatives. Specifically, petitioner claims that she was not given the "opportunity to remedy the circumstances" that led to the filing of the abuse and neglect petition. While we agree with petitioner that the termination of parental rights is the most drastic remedy in an abuse and neglect proceeding, the record is clear that there was no less restrictive disposition available in petitioner's case. Specifically, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical,

mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

The record in the present case demonstrates that petitioner did not properly care for B.H.'s severe eczema, take B.H. to a specialized pediatric dermatologist for treatment, or apply B.H.'s prescribed medication, and that she refused to allow the DHHR service provider access to B.H. It is also clear from the record that B.H.'s skin condition deteriorated in the year petitioner was provided services prior to this petition's filing and dramatically improved after B.H. spent three days in a foster care placement. The evidence on the record supports the circuit court's finding that petitioner was unwilling to correct the conditions of abuse and neglect or participate in services. The circuit court also found termination was in the best interests of the child based upon petitioner's unwillingness to correct the issues of abuse and neglect. Thus, considering the evidence before it, the circuit court correctly terminated petitioner's parental rights upon its finding that that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect and that termination was in the child's best interests. In accordance with West Virginia Code § 49-4-604(b)(6), upon such findings, circuit courts are directed to terminate a parent's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 9, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: **September 19, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II